951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Genaro CORRALES-GONZALES, Defendant-Appellant.
 No. 91-50127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 26, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Genaro Corrales-Gonzales appeals his sentence, following conviction on a guilty plea, for possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Corrales-Gonzales contends that the district court erred because it neither adjusted his United States Sentencing Guidelines base offense level for his alleged minor participation in the offense, nor departed downward from the minimum Guidelines sentence because of his minor role. We decline to consider the first contention as it was not raised below, and we lack jurisdiction to consider the second contention. Accordingly, we dismiss the appeal.
 
 
 3
 We will not consider a request for a downward adjustment to the base offense level where it is raised for the first time on appeal, absent exceptional circumstances. United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990). We lack jurisdiction altogether to review a district court's refusal to depart downward, "as long as the court in fact exercised its discretion." United States v. Zweber, 913 F.2d 705, 707 (9th Cir.1990).
 
 
 4
 Here, although Corrales-Gonzales contends that he was entitled to a downward adjustment under U.S.S.G. § 3B1.2 due to his minor role in the offense, he did not object below to the lack of a downward adjustment in the presentence report.[1] He cannot argue that the district court clearly erred by not awarding an adjustment which was never requested, and we see no "exceptional circumstances" which would allow us to review his claim now. See Smith, 905 F.2d at 1302. Although Corrales-Gonzales did argue for a downward departure, the district court chose to sentence him at the low end of the applicable Guidelines range. This discretionary decision not to depart from a Guidelines range on which all parties have agreed is not reviewable on appeal. See Zweber, 913 F.2d at 707-08.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apparently, Corrales-Gonzales believed that his plea bargain precluded him from requesting a downward adjustment to his base offense level but allowed him to request a downward departure on the same grounds